United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 3, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-51289
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

JAMIE BERNARD GRIMSLEY,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:05-CR-511-ALL
--------------------

Before DAVIS, BARKSDALE and BENAVIDES, Circuit Judges.

PER CURIAM:*

    Jamie Bernard Grimsley appeals the 60-month sentence imposed
upon his guilty-plea conviction for possession with intent to
distribute 100 kilograms or more of marijuana. See 21 U.S.C.
§ 841. He argues that he received two criminal history points
based on the district court's erroneous finding that he was on
probation for traffic offenses at the time that he committed the
instant offense. He argues that but for those two points, he
would have been eligible for a two-level "safety valve" decrease

_____

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

pursuant to U.S.S.G. § 2D1.1(b)(7), which would have resulted in a lesser sentence.

In rejecting Grimsley's argument, the district court relied on the state court judgment and probation violator's warrant for three separate case numbers, all of which involved Grimsley's convictions of violations of various traffic laws. The judgment set forth one sentence for all three case numbers, multiple fines that correlated with the respective case numbers, and one outstanding amount owed on those fines. Although the probation violator's warrant bore the number of a case that was not scored in the criminal history section of the presentence report, the warrant included a list of the offenses charged in the case that was scored as well as a notation of the outstanding fine owed on all three cases.

The documents relied on by the district court had sufficient indicia of reliability to support their probable accuracy. See United States v. Angeles-Mendoza, 407 F.3d 742, 749-50 (5th Cir. 2005). The district court's finding that the warrant related to all three cases was plausible in light of the record as a whole. Id. at 750. Grimsley has not shown that the district court's factual findings and inferences therefrom were clearly erroneous. See Angeles-Mendoza, 407 F.3d at 750; United States v. Caldwell, 448 F.3d 287, 290 (5th Cir. 2006).

AFFIRMED.